UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FIELDWOOD ENERGY, L.L.C.**     **CIVIL ACTION**

**VERSUS**     **NO. 14-650**

**DIAMOND SERVICES CORPORATION**     **SECTION "E" (3)**

**ORDER**

On February 25, 2015, the Motion to Compel Discovery [Doc. #10] came on for hearing before the undersigned. Present were James Bercaw on behalf of plaintiff and Rachel Lisotta on behalf of defendant. After the oral hearing, the Court dismissed the motion as moot in part and took five disputed discovery requests under advisement and ordered the production of certain documents to the Court by defendant for *in camera* review. Defendant complied with this Court's order. Having reviewed the motion, the opposition, the case law, and the documents, the Court rules as follows.

With regard to Request for Production Nos. 14-18, the motion is denied. The Court has reviewed *in camera* the personnel files of Michael A. Young, Chad Smith, Joseph Harrington, Christopher Dalton, and Christopher Camp and finds that their production is not reasonably calculated to lead to the discovery of admissible evidence. Given the privacy rights of non-parties to lawsuits, this Court withholds the production of these documents. *See Poseidon Oil Pipeline Co., L.L.C. v. Transocean Sedco Forex, Inc.*, No. Civ. A. 00-760, 2002 WL 1919797, at *4 (E.D. La.

Aug. 20, 2002) ("Discovery of the personnel files of non-party individual employees presents special concerns about the privacy rights of the individuals involved.").

With regard to Request for Production No. 7, the motion is granted.  Plaintiff seeks the transcripts of the recorded statements of the masters and crew – all five of the aforementioned individuals – of the WALLACE GLENN, the vessel involved in the underlying allision.  The statements were taken by Thomas J. Halverson, Jr., an adjuster, after the allision.  Defendant contends that the attorney-client and/or work-product privileges protect the documents from disclosure.  Halverson took all of the statements on October 5, 2013, the day after the allision.

The federal common law of privilege applies in this case brought under the court's federal question jurisdiction. *Willy v. Admin. Review Bd.*, 423 F.3d 483, 495 (5th Cir. 2005). The attorney-client privilege protects communications by a client to his lawyer and communications from the lawyer if they would tend to disclose the client's confidential communications. *See Hodges, Grant & Kaufman v. United States*, 768 F.2d 719, 720-21 (5th Cir. 1985) ("attorney-client privilege protects communications made in confidence by a client to his lawyer for the purpose of obtaining legal advice. The privilege also protects communications from the lawyer to his client, at least if they would tend to disclose the client's confidential communications.") (citations omitted). It is axiomatic that the attorney-client privilege "only protects disclosure of confidential communications between the client and attorney; it does not protect disclosure of underlying facts." *United States v. Edwards*, 39 F. Supp. 2d 716, 723 (M.D. La. 1999) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 395-96, (1981); *In re Six Grand Jury Witnesses*, 979 F.2d 939 (2d Cir. 1992); *United States v. Freeman*, 619 F.2d 1112 (5th Cir. 1980); *Computer Network Corp. v. Spohler*, 95 F.R.D. 500 (D.D.C.1982)).

The burden of sustaining a claim of attorney-client privilege falls on the party asserting the privilege. *Exxon Corp. v. St. Paul Fire & Marine Ins.*, 903 F. Supp. 1007, 1008 (E.D. La. 1995); *High Tech Commc'ns, Inc. v. Panasonic Co.*, No. 94-1477, 1995 WL 45847, at *1 (E.D. La. Feb. 2, 1995) (citing *Hodges*, 768 F.2d at 721) (additional citations omitted).

Here, defendant has not met its burden to sustain the claim that the attorney-client privilege protects the recorded statements from disclosure. Halverson is not an attorney; he is an adjuster. Accordingly, the statements do not reflect communications by a client to its lawyer or communications from the lawyer that would tend to disclose the client's confidential communications.

The work-product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure. *Conoco v. Boh Bros. Constr. Co.*, 191 F.R.D. 107, 117-18 (W.D. La. 1998). This doctrine protects from discovery documents and other tangible things prepared by a party or representative of a party, including attorneys, consultants, agents, or investigators, in anticipation of litigation. *Id.* at 118; *see Hickman v. Taylor*, 329 U.S. 495 (1947). The work-product doctrine does not protect materials assembled in the ordinary course of business, pursuant to regulatory requirements, or for other non-litigation purposes. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 984 (4th Cir. 1992); *Guzzino v. Felterman*, 174 F.R.D. 59, 63 (W.D. La. 1997) (citing *United States v. El Paso Co.*, 682 F.2d 530 (5th Cir. 1982)). The party who is seeking the protection of the work-product doctrine has the burden of proving that the documents were prepared in anticipation of litigation. *Boh Bros.*, 119 F.R.D. at 117; *In Re Leslie Fay Cos. Sec. Litig.*, 161 F.R.D. 274, 280 (S.D.N.Y. 1995).

The threshold determination that the court must make is whether the documents sought to be protected were, in fact, prepared in anticipation of litigation or whether they were prepared in the ordinary course of business. *Upjohn Co. v. United States*, 449 U.S. 383 (1981); *Caremark, Inc. v. Affiliated Computer Sys., Inc.*, 195 F.R.D. 610, 614 (N.D. Ill. 2000). The Fifth Circuit has indicated that a document is prepared in anticipation of litigation "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *United States v. Davis*, 636 F.2d 1028, 1039 (5th Cir. 1981). To determine the primary motivation for the creation of a document, courts look to various factors, including, "the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Elec. Data Sys. Corp. v. Steingraber*, No. 4:02 CV 225, 2003 WL 21653414, at *5 (E.D. Tex. July 9, 2003) (citing *Piatkowski v. Abdon Callais Offshore, L.L.C.*, No. Civ. A. 99-3759, 2000 WL 1145825, at *2 (E.D. La. Aug. 11, 2000)). "The involvement of an attorney is not dispositive of the 'in anticipation of litigation' issue. Nevertheless, involvement of an attorney is a highly relevant factor . . . making materials more likely to have been prepared in anticipation of litigation." *Wikel v. Wal-Mart Stores, Inc.*, 197 F.R.D. 493, 495 (N.D. Okla. 2000).

As the party withholding documents from discovery, the burden is on the defendant to establish work product protection. *St. James*, 173 F.R.D. at 432. The information provided to the Court does not satisfy defendant's burden of demonstrating that the primary motivating purpose in securing the witness statements was in furtherance of a sufficiently identifiable resolve to litigate, rather than a more or less routine investigation of a possibly resolvable claim. *See Fine*, 91 F.R.D. at 423. The only evidence before the Court is Halverson's self-serving statement that he took the

statements in anticipation of litigation. Doc. #17-6. No attorney aided in the preparation of the documents. And there is no indication that litigation was imminent, and no evidence that defendant had already retained counsel for the purpose of the allision. Indeed, this Court has recognized on numerous occasions that corporations such as defendant routinely conduct investigations into accidents to prevent reoccurrences and improve safety procedures. *See, e.g., Bordelon Marine, Inc. v. F/V KENNY BOY*, Civ. A. No. 09-3209, 2011 WL 164636, at *2 (E.D. La. Jan. 19. 2011); *Foret v. Tansocean Offshore (USA), Inc.*, Civ. A. No. 09-4567, 2010 WL 2732332, at *4-5 (E.D. La. July 6, 2010). There was simply no evidence of direct involvement by defense counsel here to bolster defendant's claim that the documents were prepared in anticipation of litigation. Plaintiff's request to compel defendant to produce the five witness statements, taken by the defendant's adjuster, is therefore granted. **No later than five (5) days from the date of this Order**, defendant shall produce the transcripts of the recorded statements to plaintiff.

    **IT IS ORDERED** that the Motion to Compel Discovery [Doc. #10] is GRANTED IN PART and DENIED IN PART as outlined above.

    New Orleans, Louisiana, this 26th day of March, 2015.

*[signature]*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**